# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ aka LOFOFORA EVA CONTRERAZ,<br><br>Plaintiff,<br><br>v.<br><br>STOCKBRIDGE, et al.,<br><br>Defendants.<br>_____/ | 1:06-cv-01817-LJO-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br>(Doc. 22.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.   BACKGROUND**

Plaintiff Michael Contreraz aka Lofofora Eva Contreraz ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California ("SATF"), where the events at issue allegedly occurred. Plaintiff filed the complaint commencing this action on December 14, 2006. (Doc. 1.) This action now proceeds on Plaintiff's First Amended Complaint filed on February 3, 2009, against defendants Correctional Officer ("C/O") Davis, C/O Carlos, and C/O Stockbridge[1] for use of excessive force against Plaintiff in violation of the Eighth Amendment, and against Sergeant Franco and Lieutenant Rodriguez for failure to prevent the use of excessive

---
[1] Defendant Stockbridge has since changed her last name to Cota since the events alleged in the amended complaint. However, absent a formal name substitution, the Court shall use the name Stockbridge herein to avoid confusion.

1

force against Plaintiff.[2] (Doc. 17.) On August 17, 2009, Defendants Stockbridge and Rodriguez ("Defendants") filed a motion to dismiss this action for failure to exhaust administrative remedies.[3] (Doc. 22.) On November 23, 2009, Plaintiff filed an opposition to the motion. (Doc. 28.) On December 21, 2009, Defendants filed a reply to Plaintiff's opposition. (Doc. 32.) Defendants' motion to dismiss is now before the Court.

## II.   STATUTORY EXHAUSTION REQUIREMENT

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83-84.

The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a). The Booth court held that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. Booth, 532 U.S. at 732. "The meaning of the phrase 'administrative remedies ... available' is the crux of the case." Id. at 731. In discussing the meaning of the term "remedy," the court noted that "depending on where one looks, 'remedy' can mean either specific relief obtainable at the end of a process of seeking redress, or *the process itself*, the

---

[2]Plaintiff also named Defendant Greenwood in the original complaint, but omitted this defendant in the First Amended Complaint. (Docs. 1, 17.)

[3]Defendants Davis, Franco, and Carlos have not been served with process in this action. The United States Marshal filed returns of service unexecuted as to defendants Davis and Carlos on December 31, 2009, and as to defendant Franco on August 21, 2009. (Docs. 23, 33.) Defendants Davis, Franco, and Carlos have not joined in the instant motion to dismiss or otherwise appeared in this action.

2

procedural avenue leading to some relief." Id. at 738. (emphasis added.) Thus, the court determined that the language of the statute, which requires that the "available" "remed[y]" must be "exhausted" before a complaint under § 1983 may be entertained, refers to "exhaustion" of the *process available*. Id. at 738-739. (emphasis added.) It follows, then, that if an inmate exhausts the process that is made available to him, he has satisfied the requirement of the statute.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### III. SUMMARY OF THE FIRST AMENDED COMPLAINT

Plaintiff is a state prisoner at SATF, where the acts he complains of occurred. Plaintiff names as defendants Sergeant L. Franco, Lieutenant F.A. Rodriguez, and Correctional Officers J. Stockbridge, Davis, and T. Carlos. Plaintiff alleges that on June 27, 2004, he had just bathed in his cell and was sitting unclothed on the lower bunk in low lighting when C/O Stockbridge (female) observed him while counting inmates. The next day, as he was going for a meal, C/O Stockbridge stopped Plaintiff and told him that he had better be dressed when she came by his cell. Plaintiff explained he had just bathed and meant no offense. C/O Stockbridge responded with profanities. Plaintiff told C/O Stockbridge that she could expect to experience incidental nudity in the course of her duties, and that she should talk to her supervisor if she was overly bothered. After eating and upon exiting the dining hall, C/O Stockbridge had C/O's Davis and Carlos handcuff Plaintiff and place him in a holding cage, stripped of all clothing, for an hour, before being presented to Sergeant Franco and Lieutenant Rodriguez in the latter's office. In the office, Plaintiff was accused of

3

"flashing" C/O Stockbridge and instructed (with obscenities) to apologize to her or be placed in solitary confinement. When Plaintiff denied the accusation and declined to apologize, C/O's Davis and Carlos jerked Plaintiff to his feet and purposely pressed his arms back so as to inflict pain. C/Os Davis and Carlos held Plaintiff still while C/O Stockbridge squeezed Plaintiff's groin so as to inflict pain. Ultimately Plaintiff apologized and was allowed to leave Lt. Rodriguez's office. Afterwards, C/O's Davis and Carlos laughed at Plaintiff. Plaintiff seeks monetary damages as relief.

**MOTION TO DISMISS FOR FAILURE TO EXHAUST**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

*Defendants' Motion*

Defendants argue that this action should be dismissed in its entirety, because Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against the defendants to this action. (MTD at 5 ¶3.) Defendants submit evidence that the SATF Appeals Office has no record of any inmate appeal filed by Plaintiff at any level of the inmate appeal process regarding any of the events alleged in the First Amended Complaint or against any of the defendants to this action. (Gomez Decl. ¶6.) Defendants also submit evidence that the Inmate Appeals Branch, which processes inmate appeals at the Director's Level, has no record of any appeal by Plaintiff accepted at that level concerning his allegations that in June 2004, the defendants to this action subjected him to excessive force or were present but did nothing to stop the excessive force. (Grannis Decl. ¶5.)
///

***Plaintiff's Opposition***

In his verified opposition, Plaintiff claims he filed three administrative appeals at SATF, but they were never returned to him, with or without a response. (Opp'n at 2:5-10, 4:17-20; Decl. of Plaintiff #1 ¶¶2-6.) Plaintiff maintains that after three failed attempts to pursue administrative remedies, he had no other recourse but to file a court action. (Opp'n at 4:24-27.) Plaintiff claims that after he filed each appeal, he made inquiries to the appeals office about the progress of the appeals but did not receive any reply. (Opp'n at 4:21-24; Decl. of Plaintiff #1 ¶¶2-7.) Plaintiff asserts that he even brought a claim in the original complaint alleging that his appeals were not properly processed.[4] (Opp'n at 2:5-23.) With regard to Defendants' evidence, Plaintiff argues they have not demonstrated that they searched all of the relevant records. (Opp'n at 6:25-8:10.) Plaintiff also maintains that Defendants' witness declarations are inapplicable, because records of appeals processed in 2004 would no longer be on record in 2009. (Opp'n at 7:26-8:7.) Plaintiff claims he received correspondence from the IAB, stating that records and copies of administrative appeals filed by prisoners are disposed of or destroyed one year after their exhaustion. (Id; Decl of Plaintiff #2 ¶2.) Plaintiff also claims it is typical practice at SATF for inmate appeals to be suppressed to prevent certain issues from being adjudicated. (Decl. of Plaintiff #1 ¶9.)

***Defendants' Reply***

Defendants reply that Plaintiff has not presented any evidence other than his own declaration that he ever filed an appeal against any of the defendants within the mandates of Title 15 of the California Code of Regulations. (Reply at 2:5-7.)

With regard to Plaintiff's statement, signed under penalty of perjury, that he filed grievances with the appeal office but never heard back, Defendants submit evidence that Plaintiff has contradicted himself. In the original complaint, also signed under penalty of perjury, Plaintiff states that he filed an inmate appeal on more than one occasion, and that the appeals office responded to his inquiries about the appeals' status by saying they had never received them to begin with. (Cmp., Doc. 1 at 3-F.) Defendants maintain that Plaintiff is capable of filing appeals properly, in light of

---

[4] Plaintiff states that he omitted the claim from the First Amended Complaint in response to the Court's October 21, 2008 order which cautioned him against bringing unrelated claims or claims against Doe Defendants. (Opp'n at 2:5-4:2.)

5

his record of filing approximately one hundred fifty inmate appeals at SATF between 2001 and July 2009. (Hall Decl ¶5, Exh A.)

With regard to Plaintiff's allegation that he received correspondence from the IAB stating that inmate appeals are only retained for one year after exhaustion, Defendants present evidence that the IAB does not use such a retention schedule and, in any event, the IAB has not purged inmate appeals since 2003, a year prior to the events alleged in the First Amended Complaint. (Grannis Decl ¶¶3, 4.)

### *Discussion*

Plaintiff's complaint is based on the allegations that on June 28, 2004, defendants Davis, Carlos, and Stockbridge used excessive force against Plaintiff in violation of the Eighth Amendment, and Sgt. Franco and Lt. Rodriguez failed to prevent the use of excessive force against Plaintiff. Defendants' records show that neither the SATF Appeals Office nor the IAB has any record of an inmate appeal filed by Plaintiff regarding the events alleged in the First Amended Complaint or against any of the defendants to this action. (Gomez Decl. ¶6; Grannis Decl. ¶5.) Plaintiff submits no documentary evidence in support of his allegations and relies only on his memory. Although Plaintiff states under penalty of perjury that he filed inmate appeals regarding his allegations in the complaint, Plaintiff contradicts himself by first stating that the appeals office responded four times to his queries, and then stating that he received no response at all. (Cmp, Doc. 1 at 3-F; Opp'n at 4:21-23; Plaintiff Decl. ¶¶4-7.) Such discrepancy calls Plaintiff's veracity or memory into question. The fact that Plaintiff recalls receiving correspondence from the IAB "explicitly" informing him of their one-year retention period, when such retention period is untrue, also creates doubts about Plaintiff's veracity or memory. (Opp'n at 7:26-8:4.) Plaintiff's evidence that inmate appeals are typically suppressed at SATF, even if true, does not demonstrate that his particular appeals were suppressed. The Court reviewed both of Plaintiff's complaints but found no further evidence of exhaustion.[5] Defendants have presented sufficient evidence showing that Plaintiff did not follow

---

[5] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the original complaint and the First Amended Complaint under penalty of perjury. Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and their accompanying exhibits, if any.

6

the required process pursuant to § 3084.1 et seq. to satisfy § 1997e(a), and Plaintiff has provided no reliable evidence to the contrary. Therefore, Defendants are entitled to dismissal of this action in its entirety.

## IV. CONCLUSION AND RECOMMENDATION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his remedies prior to filing suit, in compliance with § 1997e(a). Defendants have shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against any of the defendants in this action. Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement. Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed August 17, 2009, be GRANTED, and this action be dismissed in its entirety, based on Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     February 4, 2010**                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE