# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ,<br><br>            Plaintiff,<br><br>    v.<br><br>J. STOCKBRIDGE, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:06-cv-01817-LJO-SMS PC<br><br>ORDER PARTIALLY GRANTING MOTION, AND REQUESTING LITIGATION OFFICE INVESTIGATE AND THEN FACILITATE PLAINTIFF'S ACCESS TO LEGAL MATERIAL AND RESOURCES, LIMITED TO EXTENT NECESSARY TO COMPLETE AND FILE OBJECTIONS TO PENDING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 50)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE ORDER ON LITIGATION OFFICE<br><br>SIXTY-DAY DEADLINE |

Plaintiff Michael Contreraz is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 14, 2006. On February 4, 2010, the Magistrate Judge recommended that Defendants Rodriguez and Cota's motion to dismiss for failure to exhaust be granted. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). On July 7, 2010, the Magistrate Judge granted Plaintiff a fourth and final extension of time to file objections to the recommendation. On August 11, 2010, Plaintiff filed a motion seeking a court order requiring prison officials to allow Plaintiff access to his legal materials for this case and access to legal services five days a week.[1]

Plaintiff is not entitled unlimited access to the resources necessary to prepare optimal legal filings. See Lewis v. Casey, 518 U.S. 343, 354-55, 116 S.Ct. 2174 (1996). However, Plaintiff must be allowed access sufficient to enable him to prepare and file his response to the recommendation that this action be dismissed. See id. This necessarily includes access to his legal material pertaining

---

[1] Plaintiff is housed in the Administrative Segregation Unit, which entails even greater restrictions on Plaintiff's movement and on Plaintiff's ability to possess personal property.

1

to this action and likely includes at least minimal access to other available legal resources.

Plaintiff is not entitled to ideal conditions such as law library access five days a week until objections to Plaintiff's complete satisfaction have been completed, and the Court declines to request such access. However, the Litigation Office is requested to look into the matter and facilitate Plaintiff's access to his legal material and other legal resources to the extent necessary to allow Plaintiff to complete and file his objections.[2] The Court will extend the objection deadline sixty days to allow the Litigation Office sufficient time to address this matter and to allow Plaintiff time thereafter to complete the task of drafting and filing his objections.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion is granted in part;

2. The Litigation Office is requested (1) to investigate Plaintiff's ability to access his legal material and to utilize the legal resources provided by the prison, and (2) to facilitate Plaintiff's access to his legal material and other available legal resources to the limited extent necessary for Plaintiff to complete and file his objections;

3. The deadline to file objections is extended **sixty (60) days** from the date of service of this order to allow the Litigation Office time to investigate and to allow Plaintiff to thereafter complete and file his objections; and

4. The Clerk's Office shall serve this order on the Litigation Office at CSATF.

IT IS SO ORDERED.

**Dated:    September 2, 2010**            /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

[2] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.