UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. STOCKBRIDGE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-01817-LJO-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT INTERVENTION REGARDING LEGAL MATERIAL AND LAW LIBRARY ACCESS, AND REQUIRING PLAINTIFF TO FILE HIS OBJECTIONS WITHIN FORTY-FIVE DAYS<br><br>(Doc. 53) |

### I. Procedural History

Plaintiff Michael Contreraz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2006. Pursuant to the Court's order of May 8, 2009, this action is proceeding on Plaintiff's amended complaint, filed October 21, 2008, against Defendants Stockbridge, Rodriguez, Franco, Davis, and Carlos for violation of the Eighth Amendment, arising out of an alleged incident of excessive force on June 28, 2004, at California State Prison-Corcoran.

On August 17, 2009, Defendants Stockbridge and Rodriguez (Defendants) filed a motion to dismiss for failure to exhaust the administrative remedies.[1] 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). The motion was deemed submitted on December 21, 2009, following Defendants' reply to Plaintiff's opposition. On February 4, 2009, the Magistrate Judge assigned to the case at that time

///

---

[1] Defendants Franco, Davis, and Carlos have not been served with process and have not voluntarily appeared in the action.

1

issued findings and recommendations recommending that Defendants' motion to dismiss be granted.

More than one year has passed since the issuance of the findings and recommendations and to date, Plaintiff has not filed his objections and his alleged inability to do so has been subject to numerous requests for extensions of time and for court intervention. After granting Plaintiff three extensions of time to file objections, the Court granted Plaintiff a fourth extension on July 7, 2010, and warned him that no further extensions would be granted. On August 11, 2010, Plaintiff requested a court order directing prison officials to allow him to access his legal material and obtain legal services. On September 3, 2010, the motion was partially granted to the extent that the litigation office was requested to investigate the situation and facilitate limited access sufficient to allow Plaintiff to file his objections. The deadline was extended sixty days to accommodate the request to the litigation office.

Approximately sixty days later, on November 18, 2010, Plaintiff filed another motion stating that no one had contacted him regarding the order and his situation remained the same. The Court ordered Defendants to respond to the motion on November 24, 2010, and they filed a response on December 22, 2010. After obtaining two extensions of time, Plaintiff filed a reply on March 3, 2011.

II.  **Plaintiff's Motion for Court Intervention**

   A.  **Defendants' Position**

In partially granting Plaintiff's first motion, the Court requested that the prison's litigation office (1) investigate Plaintiff's ability to access his legal material and to utilize the legal resources provided by the prison, and (2) facilitate Plaintiff's access to his legal material and available legal resources to the limited extent necessary for Plaintiff to complete and file his objections. In their response to Plaintiff's November 18 motion, Defendants stated that the litigation coordinator did not recall receiving the September 3 order, but that Plaintiff has had ample access to his legal material and the law library to file his objections.

In support of their response, Defendants submitted the declaration of B. Stephens, the law library officer, who attested that legal property of inmates housed in the administrative segregation unit (ASU) is stored in the law library. (Doc. 55-2, Stephens Dec., ¶2.) Inmates who want to access their legal property or the law library must submit a written request to the law library officer. (Id.)

Inmates are given up to two hours at a time to review their legal property, request document copies, and conduct research or any other legal activities, and between June 25, 2010, and November 9, 2010, Plaintiff was given law library access on thirteen occasions. (Id., ¶¶2-3.)

### B. Plaintiff's Position

In response, Plaintiff first addresses Stephens' qualifications as "law library officer." (Doc. 61, Reply, p. 2.) However, the fact that Stephens is a "mere floor officer" assigned the duties of giving out legal forms and books and making photocopies while general population inmates have access to a more highly trained staff member is irrelevant. Also irrelevant is whether or not Plaintiff was granted "Priority Legal User" status. (Id.) How the prison manages inmates' access to the available legal resources and whether staff members follow the prison's rules for managing those resources is only of concern if inmates are not able to obtain minimal access sufficient to pass constitutional muster. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132, 123 S.Ct. 2162 ( 2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83, 115 S.Ct. 2293 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons). Thus, of concern is what actual access Plaintiff had rather than what could have been done differently or better.

Plaintiff was transferred to administrative segregation on June 18, 2010, and he requested access to his legal material on June 20, 2010, via the submission of an interview request form. (Reply, 5:1-6.) On June 25, 2010, Plaintiff "got a hold of Stephens" and filled out a form requesting his legal materials, which included three boxes stored elsewhere in the prison and a computer disk on which Plaintiff had half-completed objections stored. (Id., 5:23-6:2) The disk was received in ASU on July 29, 2010, and Plaintiff was given some of his legal material. (Id., 5:22-23 & 6:5-8.)

The prison granted Plaintiff access to a computer to draft his documents because he has arthritis in his fingers. Plaintiff asserts that after he received his disk on July 29, 2010, the computer repeatedly broke down, causing him to lose some of his work product at times. (Id., 7:19-8:5.) Stephens told Plaintiff he would call to get it fixed but to date it has not been fixed. (Id., 7:24-26.) Plaintiff contends that his disk is essential and he has no idea when the computer will be fixed so he can use his disk, and that he has no idea what has become of some of his legal materials. (Id., 8:7-

1  14.)

2  Plaintiff also contends that he has been provided with legal services only two to three times
3  a month for two hours at a time and that is not sufficient to work on a case. (Id., 8:15-18.) Further,
4  there are no books available except on the computer and it breaks down frequently. (Id., 8:18-20.)

5  **C.   Discussion**

6  By Plaintiff's own admission, he went to the law library approximately five times between
7  March 29, 2010, and May 18, 2010, and he was provided with legal services approximately
8  seventeen times between June 30, 2010, and March 1, 2011. (Doc. 46, Motion for Ex. of Time, p.
9  1; Reply, p. 8.) Although Plaintiff lays out a series of issues that took months to resolve, none of
10 those issues seems sufficiently onerous to explain a complete inability, in the span of more than a
11 year, to submit objections.

12 Prisoners have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343,
13 346, 116 S.Ct. 2174 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, the right
14 is limited in nature and does not entitle prisoners to the best possible access or even ideal access,
15 Phillips, 588 F.3d at 656 (quotation marks and citation omitted), and prison officials are not required
16 to enable prisoners to discover grievances or litigate effectively once in court, Lewis, 518 U.S. at
17 354. Thus, Plaintiff is entitled to only minimal access to his legal material and other legal resources
18 so that he may draft and mail his objections, a task which is limited here to addressing the issue of
19 exhaustion and why Plaintiff believes the action should not be dismissed.

20 Plaintiff is responsible for exercising due diligence in meeting court deadlines. This requires
21 Plaintiff to make decisions that assist him in prosecuting this case. While access to his disk and a
22 computer may be ideal, given the sheer number of months that have passed, Plaintiff's decision to
23 continue waiting for ideal conditions to draft his objections is no longer reasonable or justifiable.
24 Notably, Plaintiff's fifteen page handwritten reply and his other handwritten filings, including his
25 original complaint, his fourth motion for an extension of time, his two motions for court intervention
26 regarding legal access, and an unrelated motion relating to service on the three unserved defendants
27 in this case, belie any claim that Plaintiff is unable to draft and filing handwritten documents.

28 Further, Plaintiff would not be the first litigant to lose his work product and have to start

4

over. Such is the downside to reliance on machines and it is an issue which plagues laymen and attorneys alike. Even the Court is not immune to the loss of its work product due to mechanical failure and while such losses are setbacks, what is required of everyone is to start anew. Plaintiff's problems accessing the work on his disk may be unfortunate and frustrating, but given the sheer length of time that has passed, Plaintiff may no longer continue to wait around. Due diligence requires that Plaintiff commence drafting his objections to the best of his ability and file the document.

### III. Conclusion and Order

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion for further court intervention, filed November 18, 2010, is denied;
2. Plaintiff has **forty-five (45) days** from the date of service of this order within which to file his objections; and
3. No further extensions of time will be granted and the findings and recommendations will be referred to the district judge upon the expiration of the forty-five day deadline set in this order.

IT IS SO ORDERED.

Dated:   April 26, 2011                        /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE