# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ,<br><br>        Plaintiff,<br><br>    v.<br><br>J. STOCKBRIDGE, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-01817-LJO-SKO PC<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST AND REQUIRING DEFENDANTS TO FILE A RESPONSE TO THE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Docs. 22 and 38) |

## I. Procedural History

Plaintiff Michael Contreraz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2006. Pursuant to the Court's order filed on May 8, 2009, this action is proceeding on Plaintiff's amended complaint, filed on October 21, 2008, against Defendants Stockbridge, Rodriguez, Franco, Davis, and Carlos for violation of the Eighth Amendment, arising out of an alleged incident of excessive force on June 28, 2004, at California State Prison-Corcoran.

On August 17, 2009, Defendants Stockbridge and Rodriguez (Defendants) filed a motion to dismiss for failure to exhaust the available administrative remedies.[1] 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on November 23, 2009, and Defendants filed a reply on December 21, 2009. On February 4, 2010, the Magistrate Judge assigned to the case at that time

---

[1] Defendants Franco, Davis, and Carlos have not been served with process and have not voluntarily appeared in the action.

1

issued a findings and recommendations recommending Defendants' motion to dismiss be granted. Plaintiff was granted numerous extensions of time to file an objection, and on April 27, 2011, the Magistrate Judge issued an order granting Plaintiff a final forty-five day extension of time.  More than forty-five days have passed and Plaintiff has not filed an objection.

**II.     Exhaustion Requirement**

Before filing suit in federal court, prisoners are required to exhaust the available administrative remedies.  42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The failure to exhaust is an affirmative defense, Jones, 549 U.S. at 216, and it must be raised in an unenumerated Rule 12(b) motion, Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  In resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact, Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20, but it may not assess the credibility of witnesses on a motion to dismiss submitted upon the record, e.g., Ortega v. Giamalvo, No. C-07-04436 EDL, 2011 WL 2445315, at *5 (N.D.Cal. Jun. 16, 2011); Jones v. Felker, No. CIV S-08-0096 KJM EFB PC, 2011 WL 533755, at *2 (E.D.Cal. Feb. 1, 2011), findings and recommendations adopted in full, 2011 WL 1299454 (E.D.Cal. Mar. 29, 2011); Sanchez v. Stancliff, No. 1:07-cv-00128-LJO-SMS PC, 2009 WL 2498257, at *4 (E.D.Cal. Aug. 14, 2009), findings and recommendations adopted in full, (E.D.Cal. Sept. 14, 2009); Roberts v. Salano, No. 1:08-00162-LJO-GSA PC, 2009 WL 1514440, at *2 (E.D.Cal. May 27, 2009), findings and recommendations adopted in full, 2009 WL 2136890 (E.D.Cal. Jul. 16, 2009).

Defendants met their initial burden as the moving parties by submitting evidence showing the absence of any record of an appeal filed by Plaintiff at the institutional level or the Director's level in Sacramento.  Wyatt, 315 F.3d at 1119.  However, Plaintiff opposed the motion on the ground that he filed three appeals at the prison which were never responded to and never returned to him. Plaintiff also contended that he contacted the appeals office to inquire about the status of his appeals, but he never received any response.

In reply, Defendants argued that Plaintiff's assertion in his opposition that he received no response from the appeals office to his inquires regarding his appeals contradicts the allegation in

his amended complaint that he was told by the appeals office that there was no record of the appeals. The Magistrate Judge found that this contradiction called into question Plaintiff's "veracity or memory," and in the absence of reliable evidence to the contrary, Defendants' evidence that Plaintiff failed to follow the proper procedure entitled them to dismissal of the action. (Doc. 38, Findings and Recommendations, 6:15-7:3.)

In this Circuit, the failure to exhaust *may* be excused where the administrative remedies are rendered effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010). While the absence of evidence that an appeal was filed may indicate that Plaintiff never submitted the appeal, it may also indicate that the appeal was discarded or ignored by staff, as Plaintiff suggests. Spence v. Director of Corr., No. CIV S-05-0690 GEB KFM PC, 2007 WL 61006, at *3 (E.D.Cal. Jan. 8, 2007) (If prison officials "are interfering with inmates' ability to properly file their 602s, then there will be no official record of the 602s having been 'accepted.'"), findings and recommendations adopted in full, 2007 WL 738528 (E.D.Cal. Mar. 6, 2007). The regulations governing the inmate appeals process apply with equal force to inmates and prison officials. If a prisoner complies with the procedural rules but staff members fail to respond to the appeal in compliance with applicable procedural rules or they otherwise thwart the process, it becomes unavailable. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

Under either version of events, Plaintiff consistently maintains that he made numerous attempts to exhaust the grievance process by filing appeals but he was unable to do so because he did not receive any responses to the appeals.[2] While Plaintiff contradicts himself on the issue of whether the appeals office responded to his inquiries on the status of his appeals, the Court cannot find that because of this contradiction, his attestation that he attempted to file appeals but was

---

[2] Plaintiff's amended complaint and opposition are verified and the opposition is supported by Plaintiff's declaration. Although Defendants attempt to dismiss Plaintiff's evidence as limited to his self-serving declaration, declarations are generally self-serving by nature. Plaintiff's declaration has evidentiary value to the extent that it is based on his personal knowledge and sets forth facts admissible in evidence and to which he is competent to testify. See McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985).

unsuccessful is not entitled to any weight. E.g., Ortega, 2011 WL 2445315, at *5; Jones, 2011 WL 533755, at *2; Sanchez, 2009 WL 2498257, at *4; Roberts, 2009 WL 1514440, at *2.

"In a situation such as this in which the parties offer differing versions of events based on competing declarations, the issue is one of witness credibility and the Court cannot make that requisite assessment on a motion to dismiss." Roberts, 2009 WL 1514440, at *2. At this juncture, Plaintiff's evidence that he attempted to file appeals but was thwarted from exhausting through the failure of prison officials to respond to his appeals is sufficient to defeat Defendants' motion to dismiss.[3] Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

## III. Order

Accordingly, for the reasons set forth herein, it is HEREBY ORDERED that:

1. The Court declines to adopt the findings and recommendations filed on February 4, 2010;
2. Defendants' motion to dismiss, filed on August 17, 2009, is DENIED, without prejudice; and
3. Defendants shall file a response to Plaintiff's amended complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   June 29, 2011                            /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE

---

[3] The Court does not find that exhaustion occurred because the process was rendered unavailable. Rather, the Court finds only that Defendants are not entitled to dismissal at this juncture.