# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ, | CASE NO. 1:06-cv-01817-LJO-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT |
| v. | |
| J. STOCKBRIDGE, et al., | (Doc. 88) |
| Defendants. | |

Plaintiff Michael Contreraz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2006. This action is proceeding on Plaintiff's amended complaint, filed on February 3, 2009, against Defendants Stockbridge-Cota,[1] Rodriguez, Franco, Davis, and Carlos for violation of the Eighth Amendment of the United States Constitution.

On November 30, 2011, Plaintiff filed a motion seeking leave to file a supplemental complaint, along with the proposed supplement. Fed. R. Civ. P. 15(d). Defendants filed an opposition on December 15, 2011, and Plaintiff filed a reply on January 17, 2012.

This action is currently proceeding on Plaintiff's Eighth Amendment excessive force claim arising out of an incident on June 28, 2004, at California Substance Abuse Treatment Facility and State Prison-Corcoran. Plaintiff seeks to add new claims against current defendant Stockbridge-Cota and proposed new defendants Cota and Gonzalez. The claims Plaintiff seeks to add arise from

---

[1] Identified as Stockbridge in the amended complaint.

1

1   events between approximately June 24, 2010, and June 2011.[2]  Plaintiff alleges that Stockbridge-

2   Cota, Cota, who is Stockbridge-Cota's spouse, and Gonzalez attempted to pressure him to drop this

3   lawsuit and when he refused to capitulate, they orchestrated the delay of his prison transfer, which

4   caused his continued retention in administrative segregation.  (Doc. 89, ¶¶41-55.)

5          Pursuant to Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental

6   pleading setting out any transaction, occurrence, or event that happened after the date of the pleading

7   to be supplemented."  Fed. R. Civ. P. 15(d).  Rule 15(d) does not require the moving party to satisfy

8   a transactional test, but there must still be a relationship between the claim in the original pleading

9   and the claims sought to be added.  Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).  Thus,

10  "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate,

11  distinct and new cause of action."  Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400,

12  402 (9th Cir. 1997) (internal quotation marks and citation omitted).

13         Although Plaintiff attempts to support his request for leave to supplement by arguing that the

14  events in 2010 and 2011 are a continuation and extension of the events in 2004, his argument lacks

15  merit.  The events are related only in that Stockbridge-Cota, Cota, and Gonzalez's actions in 2010

16  and 2011 were allegedly motivated by their desire to get Plaintiff to drop the present excessive force

17  lawsuit.  To the extent they give rise to new claims for violation of Plaintiff's federal rights,

18  however, the events complained of in 2010 and 2011 are separate, distinct, and new causes of action.

19         This action has been pending for more than five years and the incident giving rise to

20  Plaintiff's claim occurred almost eight years ago.  Allowing Plaintiff to add these separate, distinct,

21  and new claims at this juncture would not serve the interests of judicial economy and convenience,

22  and the proposed claims are simply not sufficiently related to the present claim to support allowing

23  leave to supplement.  Planned Parenthood, 130 F.3d at 402; Keith, 858 F.2d at 474.

24  ///

25  ///

26  ─────────────

27     [2] Plaintiff also briefly mentions an incident on July 4, 2004, and incidents between June and September
    2005.  (Doc. 89, ¶¶37, 38.)  These events are not part of Plaintiff's amended complaint and the Court declines to sua

28  sponte treat Plaintiff's motion seeking leave to supplement under Rule 15(d) as also seeking leave to amend.  Fed. R.
    Civ. P. 7(b)(1).

1      Accordingly, Plaintiff's motion seeking leave to file a supplemental complaint, filed on

2 November 30, 2011, is HEREBY DENIED.

3

4 IT IS SO ORDERED.

5 **Dated:    February 7, 2012**                         /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28