# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ, | CASE NO. 1:06-cv-01817-LJO-SKO PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY DEFENDANT DAVIS SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M) |
| v. | |
| J. STOCKBRIDGE, et al., | (Doc. 76) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Michael Contreraz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2006. This action is proceeding on Plaintiff's amended complaint, filed on February 3, 2009, against Defendants Stockbridge-Cota,[1] Rodriguez, Franco, Davis, and Carlos for violation of the Eighth Amendment of the United States Constitution.

Defendants Stockbridge-Cota, Rodriguez, Franco, and Carlos have answered Plaintiff's amended complaint. However, the United States Marshal has been unable to locate and serve Defendant Davis.

Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---
[1] Identified as Stockbridge in the amended complaint.

1

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause. . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Defendant Davis is no longer employed at the California Substance Abuse Treatment Facility (CSATF). (Doc. 33.) Pursuant to the Court's order of June 29, 2011, the Marshal obtained the last known address for Defendant Detrick Davis from the Legal Affairs Division of the California Department of Corrections and Rehabilitation. (Doc. 68.) However, the waiver of service subsequently directed to entity Coalinga State Hospital was returned with a memorandum stating that the entity could not accept service on behalf of its employee named Dedrick (Detrick) Davis because he denied ever having `been employed at CSATF. (Doc. 76.)

Based on this information, the Court finds that the avenues available in attempting to locate and serve Defendant Davis have been exhausted. Walker, 14 F.3d at 1421-22. It appears that dismissal of Defendant Davis is appropriate at this time, but Plaintiff shall be provided with an opportunity to show cause why Defendant Davis should not be dismissed. Fed. R. Civ. P. 4(m).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Davis should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Davis from this action.

IT IS SO ORDERED.

**Dated:** February 7, 2012              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE