# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ,<br><br>          Plaintiff,<br><br>    v.<br><br>J. STOCKBRIDGE, et al.,<br><br>          Defendants. | CASE NO. 1:06-cv-01817-LJO-SKO PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 96) |

      Plaintiff Michael Contreraz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2006. This action is proceeding on Plaintiff's amended complaint, filed on February 3, 2009, against Defendants Stockbridge-Cota,[1] Rodriguez, Franco, Davis, and Carlos for violation of the Eighth Amendment of the United States Constitution.

      On March 1, 2012, Plaintiff filed objections to the Magistrate Judge's order denying him leave to file a supplemental complaint. (Doc. 96.) Plaintiff's objections and the Magistrate Judge's February 29, 2012, order granting him a thirty-day extension of time to seek reconsideration likely crossed in the mail, and given Plaintiff's failure to withdraw his objections and file a motion, the Court will construe his objections as a motion for reconsideration. (Doc. 97.) The motion is denied, with prejudice, on the following grounds.

///

---

[1] Identified as Stockbridge in the amended complaint.

1

1   Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order
2 for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to
3 prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.
4 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The
5 moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation
6 marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show
7 "what new or different facts or circumstances are claimed to exist which did not exist or were not
8 shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or
9 circumstances were not shown at the time of the prior motion."

10  "A motion for reconsideration should not be granted, absent highly unusual circumstances,
11 unless the district court is presented with newly discovered evidence, committed clear error, or if
12 there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
13 present evidence for the first time when they could reasonably have been raised earlier in the
14 litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
15 2009) (internal quotations marks and citations omitted) (emphasis in original).

16  Plaintiff's mere disagreement with the Magistrate Judge's denial of his motion to supplement
17 his complaint is not grounds for reconsideration. U.S. v. Westlands Water Dist., 134 F.Supp.2d
18 1111, 1131 (E.D. Cal. 2001). Plaintiff has not demonstrated that the Magistrate Judge's ruling was
19 clearly erroneous or contrary to law, and his motion for reconsideration is HEREBY DENIED, with
20 prejudice. 28 U.S. C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 303(f).

22 IT IS SO ORDERED.
23 **Dated:   April 30, 2012**            /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE