# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. STOCKBRIDGE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-01817-LJO-SKO PC<br><br>ORDER DENYING MOTION FOR STAY AND AMENDING SCHEDULING ORDER<br><br>(Doc. 106)<br><br>ORDER DIRECTING CLERK'S OFFICE TO RE-SERVE DOC. 99<br><br>Discovery Deadline: 10/03/2012<br>Dispositive Motion Deadline: 12/03/2012 |

    Plaintiff Michael Contreraz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2006. This action is proceeding on Plaintiff's amended complaint, filed on February 3, 2009, against Defendants Stockbridge-Cota,[1] Rodriguez, Franco, Davis, and Carlos for violation of the Eighth Amendment of the United States Constitution.

    On May 21, 2012, Plaintiff filed a motion seeking a ninety-day stay of the action, based on his recent hospitalization and lack of access to any legal property while he recuperates. Defendants Stockbridge-Cota, Rodriguez, Franco, and Carlos filed an opposition on May 22, 2012. Plaintiff did not file a reply and the motion has been submitted. Local Rule 230(l).

    The Court declines to stay the case, but it will sua sponte extend the deadlines set in the most recent scheduling order to allow Plaintiff a brief extension of time to complete discovery. Fed. R. Civ. P. 16(b)(4). The Court notes Defendants' opposition to any further extensions, but Plaintiff has

---

[1] Identified as Stockbridge in the amended complaint.

1

alleged that he does not have access to his legal material.  While Plaintiff has filed several motions with the Court during his period of recuperation, as noted by Defendants, those motions were limited to seeking extensions of time, relief which does not necessarily require the ability to conduct research or access legal property.  In the absence of evidence to the contrary, which has not been submitted, the Court must accept Plaintiff's attestation that he does not have access to his legal property while he recuperates.

Regarding Plaintiff's statement that he has not received any orders since March, other than the three orders filed on April 16, 2012, and May 1, 2012, the only other order issued during that time frame was an order granting Plaintiff an extension of time.  The Court will direct that the order be re-served, but **the order has been superceded by one of the orders filed on May 1, 2012, which Plaintiff received**.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for a ninety-day stay is DENIED, but the scheduling order shall be amended;

2. For all parties, the discovery deadline is extended from July 10, 2012, to October 3, 2012, and the pretrial dispositive motion deadline is extended from September 10, 2012, to December 3, 2012;

3. Any further requests for an extension of time must include a detailed explanation demonstrating due diligence, including a description of what discovery has been conducted and what more is needed in terms of discovery and motion preparation, and the request may not be a bare one for further time supported only by a showing of lack of access to materials; and

4. The Clerk's Office shall re-serve doc. 99 on Plaintiff.

IT IS SO ORDERED.

**Dated:   July 11, 2012**                           /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE