# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. STOCKBRIDGE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-01817-LJO-SKO PC<br><br>ORDER DENYING MOTION FOR ORDER COMPELLING DEPOSITION AND FOR SANCTIONS, AND GRANTING FORTY-FIVE DAY EXTENSION OF TIME TO DEPOSE PLAINTIFF<br><br>(Doc. 111) |

    Plaintiff Michael Contreraz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2006. This action is proceeding on Plaintiff's amended complaint, filed on February 3, 2009, against Defendants Stockbridge-Cota,[1] Rodriguez, Franco, and Carlos for violation of the Eighth Amendment of the United States Constitution. Pending before the Court is Defendants' motion for an order compelling Plaintiff's deposition, for sanctions, and for an extension of the discovery deadline, filed on July 12, 2012. Fed. R. Civ. P. 37. Plaintiff did not file a response. Local Rule 230(l).

    Defendants move for an order compelling Plaintiff's deposition and for sanctions on the ground that Plaintiff failed to appear and testify at his deposition, which was noticed for July 10, 2012.[2] Fed. R. Civ. P. 37(a)(3)(B)(i). Defendants state that on May 21, 2012, they served Plaintiff with a notice of taking of his deposition on July 3, 2012. However, due to the press of business,

---

[1] Identified as Stockbridge in the amended complaint.

[2] Although Defendants cite to Rule 37(d) in their motion, the refusal to answer questions is not the failure to appear for Rule 37(d) purposes. Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995).

1  Defendants served an amended notice on June 27, 2012, noticing the deposition for July 10, 2012.
2  Although Plaintiff was initially present in the deposition room, he refused to testify and he was
3  escorted out of the room by a correctional officer.

4        Pursuant to the Court's discovery and scheduling order filed on August 8, 2011, Defendants
5  may depose Plaintiff or any other incarcerated witness so long as they serve the requisite notice at
6  least fourteen days before the deposition.  Fed. R. Civ. P. 30(b).  Defendants' amended notice did
7  not comply with the terms of the Court's order, as it was not served at least fourteen days before the
8  deposition.  Because Defendants failed to comply with the discovery order, they are not entitled, at
9  this juncture, to an order compelling Plaintiff's deposition and for sanctions.

10        Given Plaintiff's documented refusal to answer questions, good cause exists to extend the
11  discovery deadline to allow Defendants another opportunity to properly notice and take Plaintiff's
12  deposition.  Fed. R. Civ. P. 16(b).  The reason for Plaintiff's lack of cooperation is unknown, but
13  Plaintiff is cautioned that he is required to submit to a properly noticed deposition and the failure to
14  do so will result in the imposition of sanctions.

15        Accordingly, based on the foregoing, it is HEREBY ORDERED that:

16      1.    Defendants' motion for an order compelling Plaintiff's deposition and for sanctions,
17           filed on July 12, 2012, is DENIED on the ground that Defendants failed to properly
18           notice the deposition in compliance with the discovery order; and

19      2.    Defendants' motion to extend the discovery deadline is GRANTED and they have
20           **forty-five (45) days** from the date of service of this order within which to notice and
21           conduct Plaintiff's deposition.

23  IT IS SO ORDERED.

24  **Dated:**   October 3, 2012                  **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE