# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONTRERAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. STOCKBRIDGE, et al.,<br><br>    Defendants. | CASE NO. 1:06-cv-01817-LJO-SKO PC<br><br>ORDER DENYING MOTION TO REVOKE IFP STATUS AND FOR DISMISSAL AS MOOT AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Docs. 114 and 116) |

Plaintiff Michael Contreraz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2006. This action is currently proceeding on Plaintiff's amended complaint, filed on February 3, 2009, against Defendants Stockbridge-Cota,[1] Rodriguez, Franco, and Carlos for violation of the Eighth Amendment of the United States Constitution.[1]

Defendants filed a motion for an order revoking Plaintiff's in forma pauperis status and for dismissal on December 11, 2012. Plaintiff did not respond to the motion and on January 16, 2013, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendant's motion within twenty-one days. More than twenty-one days have passed and Plaintiff has not filed a response to Defendant's motion or otherwise contacted the Court.

///

---

[1] Identified as Stockbridge in the amended complaint.

[1] Defendant Davis was dismissed on July 12, 2012, pursuant to Federal Rule of Civil Procedure 4(m).

1

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action, which has been pending since 2006, requires Plaintiff's cooperation in its prosecution, the action cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in continuing the litigation. Id.

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute and Defendants' pending motion is DENIED as moot. In re PPA, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

**Dated:   February 19, 2013            /s/  Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE