1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6

MICHAEL CONTRERAZ,

7
                    Plaintiff,

8
         v.

9

J. STOCKBRIDGE, et al.,

10
                    Defendants.

CASE NO. 1:06-cv-01817-LJO-SKO PC

ORDER (1) GRANTING PLAINTIFF'S
MOTION FOR RECONSIDERATION, (2)
SETTING ASIDE DISMISSAL ORDER AND
JUDGMENT, AND (3) DIRECTING CLERK
TO RE-OPEN CASE

(Doc. 119)

ORDER (1) REVOKING IN FORMA
PAUPERIS STATUS, (2) VACATING ORDER
DIRECTING CDCR TO COLLECT FILING
FEE FROM PLAINTIFF'S TRUST ACCOUNT,
(3) REQUIRING PLAINTIFF TO PAY FILING
FEE BALANCE WITHIN TWENTY DAYS, (4)
DIRECTING SERVICE OF ORDER ON CDCR
AND FRESNO FINANCIAL DEPARTMENT,
AND (5) DENYING MOTION FOR RELIEF
FROM FILING FEE COLLECTION AS MOOT

(Docs. 8, 9, and 120)

11
12
13
14
15
16
17

_____/

18

19      **I.      Motion for Reconsideration**

20              **A.      Introduction**

21          Plaintiff Michael Contreraz, #C-45857, a state prisoner proceeding pro se and in forma

22   pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 14, 2006.[1]  This

23   action was proceeding on Plaintiff's amended complaint, filed on February 3, 2009, against

24

25          [1] The Court takes judicial notice of the findings in 1:04-cv-06039-LJO-GSA *Contreraz v. Adams*, 1:11-cv-
     01222-LJO-GSA *Contreraz v. Director of CDCR*, 1:11-cv-01523-DLB-LJO *Contreras v. Ibarra*, and 1:11-cv-
26   01607-LJO-DLB *Contreras v. Sharon* that Plaintiff has used at least twelve different aliases to file lawsuits: Michael
     Contreras, Al-Mu'min Jihad-Contreras, Al-Mu'min Jihad Contreras, Eva Lofofora Contreras, Jihad Contreras,
27   Lofofora Contreras, Lofofora Eva Contreraz, Lofofora Eva Contreras, Lopofora Contreras, Michael Hernandez
     Contreras, Michael Contreraz, Quetzal Contreras, and Quetzal Contreraz.  *United States v. Howard*, 381 F.3d 873,
28   876 n.1 (9th Cir. 2004).

1    Defendants Stockbridge-Cota,[2] Rodriguez, Franco, Davis, and Carlos for violation of the Eighth

2    Amendment of the United States Constitution.

3           On February 19, 2013, the Court dismissed this action, with prejudice, for failure to prosecute

4    and entered judgment.  Plaintiff filed a motion for reconsideration on March 15, 2013.  Defendants

5    did not file a response.  Local Rule 230(l).

6           **B.      Legal Standard**

7           Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from an order

8    or a judgment based on "mistake, inadvertence, surprise, or excusable neglect" and Rule 60(b)(6)

9    allows the Court to relieve a party from an order "for any other reason that justifies relief."  Further,

10   Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or

11   circumstances are claimed to exist which did not exist or were not shown upon such prior motion,

12   or what other grounds exist for the motion," and "why the facts or circumstances were not shown

13   at the time of the prior motion."

14          **C.      Discussion**

15          On December 11, 2012, Defendants filed a motion pursuant to 28 U.S.C. § 1915(g) seeking

16   an order revoking Plaintiff's in forma pauperis status and dismissing the action.  Plaintiff did not file

17   an opposition or a statement of non-opposition to the motion and on January 16, 2013, the Court

18   ordered Plaintiff to file a response to the motion within twenty-one days.  Once again, Plaintiff did

19   not file a response and the case was dismissed on February 19, 2013, for failure to prosecute.

20   Plaintiff now seeks to set aside the dismissal on the ground that he has been unable to access his

21   legal property or other legal material since November 15, 2012.

22          Plaintiff, who is currently incarcerated at Salinas Valley State Prison (SVSP), attests under

23   penalty of perjury that he has been undergoing mental health treatment at SVSP under the care of

24   the Department of Mental Health (DMH) since November 15, 2012, and that he expects to be under

25   DMH care for one to two years.  Plaintiff attests that DMH does not provide legal supplies or

26   services to patients, and he has not had access to his legal property.  Plaintiff attests that he finally

27

28          _____

            [2] Identified as Stockbridge in the amended complaint.

                                              2

1    received five sheets of paper on March 8, 2013, which he used to file the motion for reconsideration.

2    Plaintiff represents that the circumstances beyond his control have prevented him from responding

3    between November 15, 2012, and the date of his motion for reconsideration.

4         As an initial matter, the Court takes judicial notice of the following cases filed by Plaintiff

5    and dismissed by the undersigned: 1:11-cv-01607-LJO-DLB *Contreras v. Sharon*, dismissed on

6    December 11, 2012; 1:11-cv-01523-DLB-LJO *Contreras v. Ibarra*, dismissed on December 28,

7    2012; and 1:04-cv-06039-LJO-GSA *Contreraz v. Adams* and 1:11-cv-01222-LJO-GSA *Contreraz*

8    *v. Director of CDCR*, dismissed on January 7, 2013.  Plaintiff filed motions for reconsideration in

9    each of the four cases, two of which were denied on March 19, 2013, one of which was denied on

10   March 21, 2013, and one of which was denied on March 22, 2013.

11        The motion for reconsideration filed in this case is identical to the motions for

12   reconsideration filed in Plaintiff's four recently closed cases.  The procedural posture of this case,

13   however, differs from the procedural postures of those cases and that difference compels a different

14   result.

15        Plaintiff's other four cases were dismissed based on Plaintiff's failure to pay the filing fee

16   as ordered.  As the Court stated in its orders denying Plaintiff's motions for reconsideration,

17   Plaintiff's alleged inability to access his legal material or the law library did not affect his ability to

18   pay the filing fee and he made no showing to the contrary.  Plaintiff's purported inability to access

19   legal supplies and his legal property between November 15, 2012, and March 8, 2013, affected his

20   ability to respond to Defendants' motion and Court's order in this case, however.

21        There is no support in the record for a finding that Defendants will suffer prejudice if the

22   dismissal is set aside, Plaintiff brought his motion within one month of dismissal and the length of

23   the delay is therefore negligible, Plaintiff's failure to oppose the motion to dismiss and respond to

24   the order were due to factors which appear to have been outside his control, and it appears that

25   Plaintiff has acted in good faith.  *Lemoge v. U.S.*, 587 F.3d 1188, 1192-98 (9th Cir. 2009) (discussing

26   relief under Rule 60(b)(1)).  Furthermore, Plaintiff has demonstrated "injury and circumstances

27   beyond his control."  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (discussing relief under

28   Rule 60(b)(6)).  Accordingly, the Court finds that Plaintiff is entitled to relief under Rule 60(b)(1)

and Rule 60(b)(6), and Plaintiff's motion to set aside the order and judgment dismissing this action for failure to prosecute shall be granted.  However, relief from judgment may prove temporary, give that, for the reasons which follow, Plaintiff is required to pay the filing fee balance or this action will be dismissed.

**II.   Order Revoking In Forma Pauperis Status**

As previously stated, Plaintiff filed this action on December 14, 2006, and Plaintiff was granted leave to proceed in forma pauperis on March 12, 2007.

28 U.S.C. 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court takes judicial notice that Plaintiff was found to be subject to section 1915(g) and his in forma pauperis status was revoked in case numbers 1:04-cv-06039-LJO-GSA *Contreraz v. Adams*, 1:11-cv-01222-LJO-GSA *Contreraz v. Director of CDCR*, 1:11-cv-01523-DLB-LJO *Contreras v. Ibarra*, and 1:11-cv-01607-LJO-DLB *Contreras v. Sharon*. *Howard*, 381 F.3d at 876 n.1. The following dismissals, as discussed in *Contreraz v. Adams*, *Contreras v. Ibarra, Contreraz v. Director of CDCR*, and *Contreras v. Sharon*, count as strikes:

1.   *Lofofora Eva Contreras v. Health and Human Services Secretary*, 3:92-cv-03901-JPV, 1992 U.S. Dist. LEXIS 19138, at *2-3 (N.D.Cal.) (dismissed on December 9, 1992, for failure to state a claim);

2.   *Eva Lofofora Contreras v. James Gomez, Director Dept. of Corrections*, 3:93-cv-01976-EFL, 1994 WL 478793 (N.D.Cal.) (dismissed on August 29, 1994, for failure to state a claim), *affirmed on appeal*, *Contreras v. Gomez*, 54 F.3d 785 (9th Cir. 1995); and

3.   *Al-Mu'min Jihad Contreras v. S. Vonbiela*, 3:94-cv-01840-DLJ (N.D.Cal.) (dismissed on November 8, 1994, for failure to state a claim).

///

Accordingly, prior to the date he filed this action, Plaintiff had at least three strikes under section 1915(g) which were final, *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-1100 (9th Cir. 2011) (dismissals must be final before they count as strikes), and he is precluded from proceeding in forma pauperis in this action unless, at the time he filed suit, he was in imminent danger of serious physical injury, *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

The Court has reviewed Plaintiff's original complaint and it does not satisfy the imminent danger exception to section 1915(g). *Andrews*, 493 F.3d at 1055-56. Plaintiff's claims arose from events which occurred more than two years before he filed suit and the complaint contains no allegations that he was in imminent danger of serious physical injury at the time suit was filed. *Id.* (Doc. 1.) Therefore, Plaintiff is precluded from proceeding in forma pauperis in this action and his forma pauperis status is revoked. 28 U.S.C. § 1915(g).

The filing fee for this action is $350.00. Court records show that to date, $88.79 has been collected from Plaintiff's trust account and the remaining balance owed is $261.21. Plaintiff will be provided with an opportunity to pay the filing fee balance in full, but if he fails to do so, this action will be dismissed.

## III. **Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on March 15, 2013, is GRANTED and the order dismissing this action and the judgment are set aside;

2. The Clerk of the Court is directed to reopen this case;

3. Plaintiff's in forma pauperis status is revoked and the order granting Plaintiff leave to proceed in forma pauperis is VACATED;

4. Within **twenty (20) days** from the date of service of this order, Plaintiff shall pay the $261.21 filing fee balance;

5. If Plaintiff fails to pay the $261.21 balance within twenty days, this action will be dismissed, without prejudice;

6. The order directing the California Department of Corrections and Rehabilitation to deduct the filing fee from Plaintiff's trust account is VACATED;

5

7.    Plaintiff's motion to vacate the order directing the collection of the filing fee from his trust account, filed on April 19, 2013, is DENIED as moot; and

8.    The Clerk of the Court shall serve a copy of this order on (1) the Director of the California Department of Corrections and Rehabilitation and (2) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division.

IT IS SO ORDERED.

Dated:    **April 22, 2013**          **/s/  Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE